

# THE ATTORNEY GENERAL
# OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable A. E. Wood, Chairman
Game, Fish and Oyster Commission
Austin, Texas

Dear Sir:

Opinion No. 0-3794
Re: Meaning of phrase "places of
business" within Article 934a,
Vernon's Annotated Penal Code.

This will acknowledge your letter of July 18, 1941, requesting that we clarify our holding in Opinion No. 0-1596. You state that:

"This opinion was rendered by your Department on October 18, 1939. You held, in effect, that a wholesale fish dealer who maintained a receiving station should have a wholesale fish dealers's license displayed in the place of business. You defined a place of business and to my mind clearly ruled that a person operating a receiving station should have a license displayed at his place of business to be within the law.

"However, a place of business as defined in the Act is as follows:

"'Places of business as used in this Act, include the places where orders for aquatic products are received or where acquatic products are sold.'

"In order to avoid paying the license some of the fish houses are maintaining receiving stations and are shipping the marine products received there to their general headquarters by either truck or rail, and shipments are made from their general headquarters. Others have trucks that take fish from their receiving stations and go up-state and deliver fish to retailers or to consumers without the fish ever having gone by their headquarters."

You then ask the following questions:

"1. Is a receiving station where aquatic products are received or bought as above related, a

place of business within the purview of the Act discussed in your original opinion?

"2.  Can a wholesale fish dealer with headquarters in one town operate a receiving station in another town without having a license displayed at such receiving station when all of the marine products received at such receiving station are shipped to his general headquarters for shipment from there?

"3.  Can a wholesale fish dealer with headquarters in one town, operate a receiving station in another town without having a license displayed at such receiving station where all or a portion of the marine products received at such receiving station are placed on a truck and sent into other portions of the state for delivery to retailers or to consumers?

Article 934a, Vernon's Annotated Penal Code, as amended, reads, in part, as follows:

"Sec. 3.  The licenses and the fees to be paid for the same are hereby provided for in this Act and are as follows:

"  .  .  .  .

"2.  Wholesale Fish Dealers' License, fee for each place of business, Two Hundred Dollars ($200).

"  .  .  .  .

"11.  Place of business, as used in this Act, shall include the place where orders for aquatic products are received, or where aquatic products are sold and if sold from a vehicle, the vehicle on which, or from which such aquatic products are sold, shall constitute a place of business.  The license shall at all times be publicly displayed by the dealer in his place of business so  as to be easily seen by the public and the employees of the Game, Fish and Oyster Commission.  And if any aquatic products are transported for the purpose of sale in any vehicle the license required of such dealer shall be displayed inside of such vehicle. Provided that no person shall bring into this State any aquatic products and in this State offer same for sale without procuring the license required for

such a transaction by a dealer in this State, and
the fact that such aquatic products were caught in
another State shall not entitle the person claim-
ing to have caught them to sell same in this State
as a commercial fisherman."

In Opinion No. 0-1596 this department held that
the intent of the Legislature in Article 934a of Vernon's
Annotated Penal Code was to require wholesale fish dealers
to pay a fee for each place of business. We further held
that a "place of business" is not limited to a place "where
orders for aquatic products are received, or where aquatic
products are sold."

Enlarging upon the definition of "places of busi-
ness" given in Opinion No. 0-1596, it is our opinion that
the phrase is to be understood in its usual and ordinary
significance; and a "place of business" is a place where
any portion of the business of a dealer is conducted.

Accordingly, your questions are answered as follows:

1.  Yes.
2.  No.
3.  No.

                              Very truly yours

                         ATTORNEY GENERAL OF TEXAS


                         By s/James D. Smullen
                              James D. Smullen
                                   Assistant

JDS:LM:wc


APPROVED JULY 25, 1941
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman